UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: DENNIS A. PERRY                          CIVIL ACTION

                                                NO. 24-1123

                                                SECTION: "G"(2)

## ORDER

Before the Court is Bankruptcy Appellants Dr. William Alden, Perry Associates, LLC, Crescent City Property Redevelopment Association, LLC, Crescent City Medical Services, Inc., Private Connection Auto, LLC, 4330 State Street Drive, LLC, and 1100 South Jefferson Davis Parkway, LLC's (collectively, "Appellants") Motion for Stay Pending Appeal.[1] Appellants filed the instant motion on September 18, 2024, and requested that it be set for expedited hearing.[2] The Court granted the motion to expedite and set the motion for expedited submission on September 24, 2024.[3] Debtor Dennis A. Perry ("Perry") filed an opposition to the motion on September 23, 2024,[4] and Appellants filed a reply brief on the same date.[5]

Appellants have three appeals pending before this Court: Civil Action Nos. 23-5265, 23-5266, and 24-1123.[6] The two original appeals, Civil Action Nos. 23-5265 and 23-5266, relate to the Bankruptcy Court's liability determinations in Perry's bankruptcy case and a related Adversary Proceeding, which were issued on September 1, 2023 and November 21, 2023. Those appeals are

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 10.

[3] Rec. Doc. 11.

[4] Rec. Doc. 13.

[5] Rec. Doc. 14.

[6] Another appeal filed by Darryl Fish is also pending before the Court, Civil Action 23-5341.

1

currently administratively closed pending ruling by the Bankruptcy Court on outstanding damages issues.[7]

On April 18, 2024, the Bankruptcy Court also approved a Plan of Reorganization in Perry's bankruptcy case.[8] The Confirmed Plan provides that the creditors shall be entitled to receive excess proceeds from the sale of certain properties and that "the Subchapter V Trustee shall remain in place to complete the sale of the three joint venture properties as previously ordered by the Bankruptcy Court."[9] Appellants then filed a third appeal, Civil Action No. 24-1123, related to the Bankruptcy Court's order confirming the Plan of Reorganization (the "Confirmation Order").

On July 10, 2024, the Bankruptcy Court entered an Order Authorizing the Sale of Real Property (27420 Sampson Dr., Lacombe, LA 70445).[10] The sale of the Property closed on or about August 12, 2024, subject to execution of a Certificate of Authority for Perry Associates, LLC by Dr. Alden.[11] Paragraph 5 of the Bankruptcy Court's Sale Order provides as follows: "William Alden, on behalf of Perry Associates, LLC is directed to execute an authorization on behalf of Perry Associates, LLC to sell the Property and any other document(s) necessary to close or effectuate the sale, including an Act of Sale."[12] Dr. Alden has not signed the authorization. The Trustee, Leo D. Congeni (the "Trustee") has filed a Motion for Contempt to force Dr. Alden to sign the authorization and any other documents necessary to effectuate the sale.[13] A contempt

---

[7] Case No. 23-5265, Rec. Doc. 12; Case No. 23-5266, Rec. Doc. 12.

[8] Bankr. Case No. 20-11986, Rec. Doc. 515 (E.D. La. Bankr. Apr. 18, 2024).

[9] *Id.*

[10] Bankr. Case No. 20-11986, Rec. Doc. 561 (E.D. La. Bankr. Apr. 18, 2024).

[11] Rec. Doc. 10 at 2.

[12] Bankr. Case No. 20-11986, Rec. Doc. 561 (E.D. La. Bankr. Apr. 18, 2024).

[13] Bankr. Case No. 20-11986, Rec. Doc. 583 (E.D. La. Bankr. Apr. 18, 2024).

hearing is scheduled for September 25, 2024 at 1:00 PM before the Bankruptcy Court.[14]

Appellants were granted an expedited hearing on the instant motion to stay in advance of the September 25, 2024 contempt hearing before the Bankruptcy Court.[15] Appellants move this Court to stay the Bankruptcy Court's September 1, 2023 order, November 21, 2023 order, and April 18, 2024 Confirmation Order pending appeal.[16] Appellants argue that the orders should be stayed because the Bankruptcy Court is forcing the parties to sell the property located on Sampson Drive in Lacombe, Louisiana, for $45,000, which is less than the $46,199.82 mortgage payoff owed to Appellants.[17] Appellants suggest that they will suffer irreparable injury if the orders are not stayed because the property will be sold.[18] Appellants argue they are likely to succeed on the merits of the appeal, because the decisions of the Bankruptcy Court: (1) prevented Appellants from properly presenting quantum evidence; (2) compelled the sale of property, which Appellants argue is not an asset of Perry's estate; and (3) involved a premature approval of the Plan of Reorganization.[19] Appellants assert no substantial harm will come to Perry if a stay is granted, because he will be able to maintain the status quo by continuing under the bankruptcy protections.[20] Finally, Appellants contend that the sale will not harm the public interest.[21]

---

[14] Bankr. Case No. 20-11986, Rec. Doc. 588 (E.D. La. Bankr. Apr. 18, 2024).

[15] Rec. Doc. 11.

[16] Rec. Doc. 9-3 at 1.

[17] Rec. Doc. 9 at 1; Rec. Doc. 9-1 at 3.

[18] Rec. Doc. 9-1 at 1.

[19] *Id.* at 2.

[20] *Id.*

[21] *Id.* at 2.

Perry argues that Appellants have misrepresented the bankruptcy record.[22] Perry points out that this Court previously denied Appellants' motion to stay the September 1, 2023 and November 21, 2023 orders.[23] Additionally, Perry argues that the Bankruptcy Court previously denied a motion to stay the sale of the Sampson Drive property pending appeal, finding no irreparable injury because Appellants could be compensated by a portion of the sale proceeds.[24]

Under Rule 8007 of the Federal Rules of Bankruptcy Procedure, the bankruptcy court or the district court may suspend proceedings in a case pending disposition of an appeal. Although the motion for stay pending appeal may be filed in the district court, the appellant's motion must:

(A) Show that moving first in the bankruptcy court would be impracticable; or

(B) If a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling.[25]

The motion must also include: (A) the reasons for granting the relief requested and the facts relied upon; (B) affidavits or other sworn statements supporting facts subject to dispute; and (C) relevant parts of the record.[26] The district court may condition relief on filing a bond or other security with the bankruptcy court.[27]

In determining whether to issue a stay pending appeal, courts consider: "(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has

---

[22] Rec. Doc. 13 at 1.

[23] *Id.* at 1.

[24] *Id.* at 3.

[25] Fed. R. Bk. Proc. 8007(b)(2).

[26] Fed. R. Bk. Proc. 8007(b)(3).

[27] Fed. R. Bk. Proc. 8007(c).

made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest."[28] Each of these elements must be established by the party requesting the stay.[29]

This Court previously denied a motion to stay the September 1, 2023 and November 21, 2023 orders pending appeal, finding that the motion was premature because the Bankruptcy Court had not ruled on outstanding damages issues.[30] Appellants acknowledge that the Bankruptcy Court still has not ruled on outstanding damages issues. Appellants have not shown that reconsideration of this Court's prior ruling is warranted.

With respect to the Confirmation Order and the pending sale of the property located on Sampson Drive, Appellants have not shown that they will suffer irreparable injury if the property is sold. The Bankruptcy Court denied a motion to stay the sale order pending appeal for this same reason.[31] As the Bankruptcy Judge explained during the hearing, the Sampson Drive property was listed for several months with two different agents.[32] The property is in a dilapidated condition due to prior flooding, and numerous repairs of the property are needed.[33] The Bankruptcy Judge, Perry, and the Trustee all expressed concern that the value of the property will continue to decrease if the sale does not move forward.[34] Additionally, the Bankruptcy Judge stated that the sale proceeds

---

[28] *In re First S. Sav. Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987).

[29] *In re Texas Equip. Co., Inc.*, 283 B.R. 222, 227 (Bankr. N.D. Tex. 2002) (citing *Arnold v. Garlock Inc.*, 278 F.3d 426, 438–39 (5th Cir. 2001).

[30] Case No. 23-5265, Rec. Doc. 11; Case No. 23-5266, Rec. Doc. 11.

[31] Bankr. Case No. 20-11986, Rec. Doc. 570 (E.D. La. Bankr. Jul. 11, 2024).

[32] Bankr. Case No. 20-11986, Rec. Doc. 569 (E.D. La. Bankr. Jul. 11, 2024).

[33] *Id.*

[34] *Id.*

will be held in escrow pending appeal.[35]

Irreparable injury is that which "cannot be undone through monetary damages."[36] Even if the Bankruptcy Court is reversed on appeal, Appellants present no evidence that the sale of the property would cause them irreparable injury. The Bankruptcy Court found that the property is in a dilapidated condition and the sale price will likely continue to decrease if the sale is postponed. Appellants offer nothing to refute these factual findings. If on appeal it is determined that Appellants are entitled to additional proceeds from the Sampson Drive property, they can be compensated through monetary damages.[37] Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Stay Pending Appeal[38] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  24th  day of September, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[35] *Id.*

[36] *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012); *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 810 n.1 (5th Cir. 1989); *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981).

[37] *See In re M&C P'ship, LLC*, No. 21-1023, 2021 WL 3145197, at *5 (E.D. La. July 26, 2021).

[38] Rec. Doc. 9.