## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: DENNIS A. PERRY | CIVIL ACTION |
| | NO. 24-1123 |
| | SECTION: "G"(2) |

### ORDER AND REASONS

Before the Court is Bankruptcy Appellants Dr. William Alden, Perry Associates, LLC, Crescent City Property Redevelopment Association, LLC, Crescent City Medical Services, Inc., Private Connection Auto, LLC, 4330 State Street Drive, LLC, and 1100 South Jefferson Davis Parkway, LLC's (collectively, "Appellants") renewed Motion for Stay Pending Appeal.[1] Appellants filed the instant motion on January 11, 2025, and requested that it be set for expedited hearing.[2] The Court granted the motion to expedite and set the motion for expedited submission on January 16, 2025.[3] Debtor Dennis A. Perry ("Perry") filed an opposition to the motion on January 15, 2025.[4]

Appellants have three appeals pending before this Court: Civil Action Nos. 23-5265, 23-5266, and 24-1123.[5] The two original appeals, Civil Action Nos. 23-5265 and 23-5266, relate to the Bankruptcy Court's liability determinations in Perry's bankruptcy case and a related Adversary Proceeding, which were issued on September 1, 2023 and November 21, 2023. Those appeals are

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 21.

[3] Rec. Doc. 23.

[4] Rec. Doc. 24.

[5] Another appeal filed by Darryl Fish is also pending before the Court, Civil Action 23-5341.

1

currently administratively closed pending ruling by the Bankruptcy Court on outstanding damages issues.[6]

On April 18, 2024, the Bankruptcy Court also approved a Plan of Reorganization in Perry's bankruptcy case.[7] The Confirmed Plan provides that the creditors shall be entitled to receive excess proceeds from the sale of certain properties and that "the Subchapter V Trustee shall remain in place to complete the sale of the three joint venture properties as previously ordered by the Bankruptcy Court."[8] Appellants then filed a third appeal, Civil Action No. 24-1123, related to the Bankruptcy Court's order confirming the Plan of Reorganization (the "Confirmation Order").

On July 10, 2024, the Bankruptcy Court entered an Order Authorizing the Sale of Real Property (27420 Sampson Dr., Lacombe, LA 70445).[9] The sale of the Property closed on or about August 12, 2024, subject to execution of a Certificate of Authority for Perry Associates, LLC by Dr. Alden.[10] Paragraph 5 of the Bankruptcy Court's Sale Order provides as follows: "William Alden, on behalf of Perry Associates, LLC is directed to execute an authorization on behalf of Perry Associates, LLC to sell the Property and any other document(s) necessary to close or effectuate the sale, including an Act of Sale."[11] Because Dr. Alden did not sign the authorization voluntarily, the Trustee, Leo D. Congeni (the "Trustee") filed a Motion for Contempt to force Dr. Alden to sign the authorization and any other documents necessary to effectuate the sale.[12] A

---

[6] Case No. 23-5265, Rec. Doc. 12; Case No. 23-5266, Rec. Doc. 12.

[7] Bankr. Case No. 20-11986, Rec. Doc. 515 (E.D. La. Bankr. Apr. 18, 2024).

[8] *Id.*

[9] Bankr. Case No. 20-11986, Rec. Doc. 561 (E.D. La. Bankr. Apr. 18, 2024).

[10] Rec. Doc. 10 at 2.

[11] Bankr. Case No. 20-11986, Rec. Doc. 561 (E.D. La. Bankr. Apr. 18, 2024).

[12] Bankr. Case No. 20-11986, Rec. Doc. 583 (E.D. La. Bankr. Apr. 18, 2024).

2

contempt hearing was scheduled for September 25, 2024 at 1:00 PM before the Bankruptcy Court.[13]

On September 18, 2024, Appellants filed motion to stay in this Court, and they were granted an expedited hearing on the instant motion to stay in advance of the September 25, 2024 contempt hearing before the Bankruptcy Court.[14] On September 24, 2024, the Court denied the motion to stay.[15]

On October 29, 2024, the Trustee filed a motion in the Bankruptcy Court seeking to employ Gilmore Auction to act on behalf of the bankruptcy estate and to auction the real property located at 3303 Bonfouca and 3065 Palm in Slidell, Louisiana (collectively, the "Joint Venture Properties").[16] No opposition was filed by Alden or any other party. Therefore, the Bankruptcy Court entered an Order authorizing the auction of the Joint Venture Properties on November 25, 2024.[17]

Almost two months later, Appellants filed the instant renewed Motion to Stay.[18] Appellants argue that the sale amount for the Joint Venture Properties is less than the mortgage payoff owed to Appellants.[19] Appellants suggest that they will suffer irreparable injury if the orders are not stayed because the properties will be sold.[20] Appellants argue they are likely to succeed on the

---

[13] Bankr. Case No. 20-11986, Rec. Doc. 588 (E.D. La. Bankr. Apr. 18, 2024).

[14] Rec. Doc. 11.

[15] Rec. Doc. 15.

[16] Bankr. Case No. 20-11986, Rec. Doc. 594 (E.D. La. Bankr. Oct. 29, 2024).

[17] Bankr. Case No. 20-11986, Rec. Doc. 601 (E.D. La. Bankr. Nov. 25, 2024).

[18] Rec. Doc. 20.

[19] Rec. Doc. 20-3 at 3.

[20] *Id.* at 4.

merits of the appeal, because the decisions of the Bankruptcy Court were improper.[21]

Perry opposes the motion to stay.[22] Perry argues that Appellants have not met the requirements for a stay.[23] According to Perry, Appellants have not shown irreparable harm.[24] Perry asserts he has a 50% ownership interest in the Joint Venture Properties, and the properties have declined in value over the course of the bankruptcy case, while they have been in the sole control of Dr. Alden.[25] Perry asserts the properties are not being maintained and insured.[26] Additionally, Perry notes the proceeds from the sale of the properties are to be held by CPA Patrick Gros until otherwise ordered by the Bankruptcy Court.[27] Following the sale, Dr. Alden can petition the court for a disbursement of a portion of the sale proceeds.[28]

The Trustee also opposes the motion to stay.[29] The Trustee points out that Dr. Alden did not object to the Bankruptcy Court's order approving auction procedures, and Dr. Alden did not file a notice of appeal as to that specific order.[30] The Trustee argues that the instant motion is an improper collateral attack on the Bankruptcy Court's Order.[31]

---

[21] *Id.*

[22] Rec. Doc. 24.

[23] *Id.* at 2.

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.* at 3.

[28] *Id.*

[29] Rec. Doc. 25 at 3.

[30] *Id.*

[31] *Id.*

Under Rule 8007 of the Federal Rules of Bankruptcy Procedure, the bankruptcy court or the district court may suspend proceedings in a case pending disposition of an appeal. Although the motion for stay pending appeal may be filed in the district court, the appellant's motion must:

(A) show that moving first in the bankruptcy court would be impracticable; or
(B) if a motion has already been made in the bankruptcy court, state whether the court has ruled on it, and if so, state any reasons given for the ruling.[32]

The motion must also include: (A) the reasons for granting the relief requested and the facts relied upon; (B) affidavits or other sworn statements supporting facts subject to dispute; and (C) relevant parts of the record.[33] The district court may condition relief on filing a bond or other security with the bankruptcy court.[34]

In determining whether to issue a stay pending appeal, courts consider: "(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest."[35] Each of these elements must be established by the party requesting the stay.[36]

This Court previously denied a motion to stay the September 1, 2023 and November 21, 2023 orders pending appeal, finding that the motion was premature because the Bankruptcy Court had not ruled on outstanding damages issues.[37] Appellants acknowledge that the Bankruptcy Court

---

[32] Fed. R. Bk. Proc. 8007(b)(2).

[33] Fed. R. Bk. Proc. 8007(b)(3).

[34] Fed. R. Bk. Proc. 8007(c).

[35] *In re First S. Sav. Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987).

[36] *In re Texas Equip. Co., Inc.*, 283 B.R. 222, 227 (Bankr. N.D. Tex. 2002) (citing *Arnold v. Garlock Inc.*, 278 F.3d 426, 438–39 (5th Cir. 2001).

[37] Case No. 23-5265, Rec. Doc. 11; Case No. 23-5266, Rec. Doc. 11.

still has not ruled on outstanding damages issues. Appellants have not shown that reconsideration of this Court's prior ruling is warranted.

With respect to the pending sale of the Joint Venture properties, Appellants did not object to the Trustee's motion seeking to auction the properties, and they have not appealed the Bankruptcy Court's November 2024 Order approving the auction procedures. Therefore, the instant motion appears to be an improper collateral attack on that Order.

Appellants also have not shown that they will suffer irreparable injury if the properties are sold. Appellants do not contest Perry's evidence showing the properties are in dilapidated condition due to prior flooding and termite damage.[38] The value of the properties will likely continue to decrease if the sales do not move forward. Irreparable injury is that which "cannot be undone through monetary damages."[39] Even if Appellants are successful on this appeal, they present no evidence that the sale of the properties would cause them irreparable injury. If on appeal it is determined that Appellants are entitled to additional proceeds from the Joint Venture properties, they can be compensated through monetary damages.[40] Accordingly,

---

[38] Rec. Doc. 24-1.

[39] *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012); *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 810 n.1 (5th Cir. 1989); *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981).

[40] *See In re M&C P'ship, LLC*, No. 21-1023, 2021 WL 3145197, at *5 (E.D. La. July 26, 2021).

**IT IS HEREBY ORDERED** that the renewed Motion for Stay Pending Appeal[41] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 17th day of January, 2025.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[41] Rec. Doc. 20.