UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: DENNIS A. PERRY                      CIVIL ACTION

                                            NO. 24-1123

                                            SECTION: "G"(2)

### ORDER AND REASONS

Before the Court is Bankruptcy Appellants Dr. William Alden, Perry Associates, LLC, Crescent City Property Redevelopment Association, LLC, Crescent City Medical Services, Inc., Private Connection Auto, LLC, 4330 State Street Drive, LLC, and 1100 South Jefferson Davis Parkway, LLC's (collectively, "Appellants") appeal from the United States Bankruptcy Court's April 18, 2024 Order approving a Plan of Reorganization in Debtor Dennis A. Perry's ("Perry") bankruptcy case.[1] Also pending before the Court is Perry's Motion to Dismiss the Appeal.[2] Considering the briefs filed by the parties, the record and the applicable law, for the reasons that follow, the Court grants the Motion to Dismiss and dismisses the instant appeal as moot.

### I. Background

On November 30, 2020, Perry filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.[3] In response to the filing, Appellants filed seven Proofs of Claim related to the multiple business and personal ventures between Perry and Appellants.[4] A state court case Appellants filed against Perry was also removed to the Bankruptcy Court (the "Adversary

---

[1] Rec. Doc. 1; Bankr. Case No. 20-11986, Rec. Doc. 515.

[2] Rec. Doc. 16.

[3] Bankr. Case No. 20-11986, Rec. Doc. 1.

[4] Bankr. Case No. 20-11986, Claim Nos. 25, 26, 27, 28, 29, 31, 32.

1

Proceeding").[5] Perry filed affirmative defenses to the Adversary Proceeding,[6] objections to the seven proofs of claim,[7] and a motion to terminate the joint venture agreements and trigger the sale provisions therein.[8] These disputes concern numerous loans and joint venture agreements between Perry and Dr. Alden. Perry and Dr. Alden started their relationship as friends, transitioned into a lender/borrower relationship, and ultimately entered into several joint venture agreements together.

From March 28, 2022 through April 5, 2022, the Bankruptcy Court held a trial on liability in Perry's main bankruptcy case and the claims alleged in two adversary proceedings.[9] Prior to trial, all parties agreed that the issue of damages would be bifurcated and determined at a second trial after the Bankruptcy Court's determination of liability.[10] The Bankruptcy Court issued an Original Memorandum Opinion and Order on September 1, 2023.[11]

Dr. Alden claimed the joint venture agreements gave him ownership interests in several pieces of property that Perry claimed to be part of his bankruptcy estate: (1) a rental home located at 4021 9th Street in Marrero, Louisiana; (2) an empty lot located at 4025 Westbank Expressway in Marrero, Louisiana; (3) a rental home located at 3065 South Palm Drive in Slidell, Louisiana; (4) a rental home located at 3303 Bonfouca Drive in Slidell, Louisiana; and (5) 27420 Sampson Drive in Lacombe.[12] The Bankruptcy Court found that Appellants had no ownership interest in the

---

[5] Bankr. Case No. 21-1002, Rec. Doc. 1.

[6] Bankr. Case No. 21-1002, Rec. Doc. 20.

[7] Bankr. Case No. 20-11986, Rec. Docs. 69, 71, 73, 75, 77, 81, 83, 156.

[8] Bankr. Case No. 20-11986, Rec. Doc. 79.

[9] Bankr. Case No. 20-11986, Rec. Doc. 460.

[10] *Id.*

[11] Bankr. Case No. 20-11986, Rec. Doc. 400.

[12] Bankr. Case No. 20-11986, Rec. Doc. 433.

two properties located in Marrero.[13] With respect to the Palm Drive, Bonfouca, and Sampson properties, the Bankruptcy Court ordered that the properties be sold, pursuant to the terms of the joint venture agreements, with the proceeds from the sale of each property to be divided equally between Perry and Perry Associates.[14]

On September 12, 2023, Appellants filed notices of appeal, which were allotted to this Court.[15] Perry then filed a motion to amend the judgment, and the Bankruptcy Court issued an amended ruling on November 21, 2023.[16] The trial on damages was held before the Bankruptcy Court in April 2024.[17] This Court administratively closed the original appeals pending ruling by the Bankruptcy Court on the outstanding damages issues.[18]

On April 18, 2024, the Bankruptcy Court approved a Plan of Reorganization in Perry's bankruptcy case.[19] The Confirmed Plan provides that the creditors shall be entitled to receive excess proceeds from the sale of certain properties and that "the Subchapter V Trustee shall remain in place to complete the sale of the three joint venture properties as previously ordered by the

---

[13] *Id.* at 55–57.

[14] *Id.* at 54–55.

[15] Case No. 23-5265 (filed by appellants Perry Associates, LLC, Crescent City Property Redevelopment Association, LLC, Crescent City Medical Services, Inc., Private Connection Auto, LLC, and William W. Alden on September 12, 2023); Case No. 23-5266 (filed by appellants Perry Associates, LLC, Crescent City Property Redevelopment Association, LLC, Crescent City Medical Services, Inc., Private Connection Auto, LLC, and William W. Alden on September 12, 2023); Case No. 23-5341 (filed by appellant Darryl Fish on September 15, 2023); Case No. 23-5343 (filed by appellant David Edward Cook on September 15, 2023, and voluntarily dismissed on April 15, 2024).

[16] Bankr. Case No. 20-11986, Rec. Doc. 433.

[17] Bankr. Case No. 20-11986, Rec. Doc. 510.

[18] Case No. 23-5265, Rec. Doc. 12; Case No. 23-5266, Rec. Doc. 12.

[19] Bankr. Case No. 20-11986, Rec. Doc. 515.

Bankruptcy Court."[20] Appellants then filed the instant appeal, Civil Action No. 24-1123, related to the Bankruptcy Court's order confirming the Plan of Reorganization (the "Confirmation Order").

On September 23, 2024, Appellants filed their brief in the instant appeal related to the Confirmation Order.[21] On October 23, 2024, Perry filed his brief.[22] On October 23, 2024, Perry also filed the Motion to Dismiss the Appeal.[23] Appellants did not respond to that motion.

On January 28, 2025, after the briefs were filed, the Bankruptcy Court issued a ruling on the outstanding damages issues.[24] Thereafter, Appellants filed two new appeals, both related to the Bankruptcy Court's January 28, 2025 Order.[25]

## II. Issues Raised on Appeal

### A.  *Appellants' Arguments*

Appellants raise two issues in this appeal regarding the Confirmation Order.[26] First, Appellants argue the confirmation of Perry's Plan of Reorganization was premature given the pendency of the other appeals.[27] Appellants point out that the Bankruptcy Court reduced their claims from over $900,000 to $18,700.[28] Appellants contend that the Bankruptcy Court disallowed

---

[20] *Id.*

[21] Rec. Doc. 12.

[22] Rec. Doc. 17.

[23] *Id.*

[24] Bankr. Case No. 20-11986, Rec. Doc. 616.

[25] Case Nos. 25-304, 25-305.

[26] Rec. Doc. 12.

[27] *Id.* at 13.

[28] *Id.*

4

recovery of the payoffs for delinquent mortgages in the amount of $317,774.54 and disallowed $350,143.05 in funds spent to maintain and improve the properties.[29] Appellants argue the Bankruptcy Court erred in disallowing these amounts because they were not disputed by Perry.[30] Appellants cite *In re Spiegel, Inc.*[31] and *In re Adelphia Communications Corp.*[32] for the proposition that a confirmation plan should reserve disputed funds to be distributed if the creditor is successful on appeal.[33] Appellants contend the Confirmation Order includes no such provision and instead allows Perry to maintain possession of substantial moveable and immovable assets.[34] According to Appellants, Perry's proposal of a plan that ignores undisputed debts was not made in good faith as required by 11 USC § 1129(a)(3).[35]

Second, Appellants argue the Bankruptcy Court erred in failing to order the liquidation of the Star Motel and other properties owned by Perry.[36] Appellants assert Perry tried to place the Star Motel beyond the reach of creditors before he filed for bankruptcy, by transferring the property to his girlfriend for $10 who then executed a $500,000 mortgage on the property.[37] Although these transactions were reversed on advice of counsel, Appellants argue these actions show an obvious

---

[29] *Id.*

[30] *Id.* at 13–14.

[31] 385 B.R. 35 (S.D.N.Y. 2008).

[32] 361 B.R. 337 (S.D.N.Y. 2007).

[33] Rec. Doc. 12 at 14–15.

[34] *Id.* at 15.

[35] *Id.* at 15–16.

[36] *Id.* at 16.

[37] *Id.*

willingness by Perry to perpetrate fraud.[38] According to Appellants, the Plan is neither fair nor equitable, and it discriminates unfairly against them.[39] Appellants contend the Bankruptcy Court should have stayed the Confirmation Order pending appeal to prevent unfairness to them.[40] By confirming the Plan and denying the motion to stay pending appeal, Appellants contend the Bankruptcy Court has effectively prevented an appeal of the original liability determination.[41] Therefore, Appellants assert the Confirmation Order should be reversed as it was premature to approve the Plan before resolution of the original appeals.[42]

### B.  *Perry's Arguments*

Perry raises two arguments in the appellee brief.[43] First, Perry argues the appeal should be dismissed and/or denied as equitably moot.[44] Perry points out that Appellants failed to obtain a stay of the Confirmation Order, and the Plan has been substantially consummated.[45] Perry also argues that third parties have relied on the finality of the Plan.[46] Therefore, Perry argues that all of the factors weigh in favor of finding this appeal moot.[47]

---

[38] *Id.* at 17.

[39] *Id.* (citing 11 U.S.C. § 1129(b)(1)).

[40] *Id.* at 18.

[41] *Id.* at 19.

[42] *Id.*

[43] Rec. Doc. 17.

[44] *Id.* at 13.

[45] *Id.* at 14–15.

[46] *Id.* at 17.

[47] *Id.*

Second, Perry asserts the Confirmation Order was not premature.[48] Perry points out that Appellants cite no legal authority for their argument that the Confirmation Order was premature.[49] Perry contends that Appellants' claims are unsecured.[50] If on appeal of the Adversary Proceeding this Court determines that Appellants' claims are for a different dollar amount, Perry argues he can modify the Plan to increase the percentage payout received by Appellants on the unsecured claims.[51] "If, on appeal of the Adversary Proceeding, this Court reverses the bankruptcy court's factual findings as to the fraud committed by Alden, the forgery committed by Alden and the fraudulent accounting kept by Alden, resulting in Alden holding a higher unsecured claim," Perry asserts "this could always be rectified by Perry, if necessary, through a plan modification permitting an increase in the percentage of the $6,868.00 allocated to Appellant."[52]

In the Motion to Dismiss Appeal, Perry reiterates his argument that this appeal is moot.[53]

### III. Jurisdiction and Standard of Review

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1), which authorizes appellate review of final orders, judgments and decrees of a United States Bankruptcy Court entered consistent with 28 U.S.C. § 157.[54] In appeals from bankruptcy courts, district courts sit as an appellate court.[55] A district court reviews a bankruptcy court's conclusions of law *de novo*,

---

[48] *Id.* at 18.

[49] *Id.*

[50] *Id.*

[51] *Id.* at 19.

[52] *Id.* at 21.

[53] Rec. Doc. 16.

[54] 28 U.S.C. § 158(a)(1).

[55] *Id.*

7

findings of fact for clear error, and mixed questions of law and fact *de novo*.[56]

## IV. Analysis

This appeal relates only to the Confirmation Order. Appellants argue the Bankruptcy Court erred by confirming the Plan before Appellants' other appeals were resolved.[57] Perry argues this appeal is moot because the Plan has been substantially consummated.[58] Appellants have not responded to Perry's mootness argument. Appellants were given a deadline to file a reply brief,[59] but they failed to file one. Appellants also failed to oppose Perry's Motion to Dismiss the Appeal, which was set for submission on November 13, 2024.[60]

In bankruptcy appeal proceedings, "equitable mootness" is a "recognition by the appellate courts that there is a point beyond which they cannot order fundamental changes in reorganization actions."[61] As a general rule, "[t]he doctrine of equitable mootness is designed to protect concerns unique to bankruptcy proceedings."[62]

"Consequently, a reviewing court may decline to consider the merits of a confirmation order when there has been substantial consummation of the plan such that effective judicial relief is no longer available—even though there may still be a viable dispute between the parties on

---

[56] *In re Nat'l Gypsum Co.,* 208 F.3d 498, 504 (5th Cir. 2000).

[57] Rec. Doc. 12.

[58] Rec. Docs. 16, 17.

[59] Rec. Doc. 8.

[60] Rec. Doc. 17-2.

[61] *In re Efficient Solutions,* Inc., 2001 WL 1636843 (E.D. La. 2001); *In re GWI PCS I, Inc.*, 230 F.2d 788, 800 (5th Cir. 2000) (citing *In re Manges*, 29 F.3d 1034, 1039 (5th Cir. 1994), *cert. denied*, 513 U.S. 1152 (1995).

[62] *In re Scopac*, 624 F.3d 274, 281 (5th Cir. 2010) (citing *In re Manges*, 29 F.3d at 1038); *see also In re Pacific Lumber*, 584 F.3d 229, 240 (5th Cir. 2009).

appeal."[63] To determine whether this appeal is moot, the Court must examine the following three factors: (1) whether a stay has been obtained, (2) whether the plan has been "substantially consummated," and (3) whether the relief requested would affect either the rights of parties not before the court or the success of the plan.[64]

### 1. Failure to Obtain a Stay

"The requirement of a stay encapsulates the fundamental bankruptcy policy of reliance on the finality of confirmation orders by the bankruptcy court."[65] Here, Appellants' motion to stay was denied by the Bankruptcy Court and this Court because they did not meet the requirements for a stay. "A stay not sought, and a stay sought and denied, lead equally to the implementation of the plan . . ."[66] Appellants did not respond to Perry's argument regarding equitable mootness, and they offer no argument as to why this factor would not weigh in favor of finding this appeal moot. Therefore, this factor favors dismissal for mootness.

### 2. Substantial Consummation

Under the Bankruptcy Code, a plan has been substantially consummated when: (1) substantially all property the plan proposes to transfer is transferred; (2) the debtor assumes the business or management of substantially all of the property dealt with by the plan; and (3) distribution under the plan commences.[67] The "substantial consummation" test informs a court's "judgment as to when finality concerns and the reliance interests of third parties upon the plan as

---

[63] *In re GWI*, 230 F.2d at 800.

[64] *Id.*

[65] *In re Berryman*, 159 F.3d 941, 944 (5th Cir. 1998).

[66] *See In re GWI*, 230 F.3d at 800, n. 25 (quoting *In re UNR Indus.*, 20 F.3d 766, 769–70 (7th Cir. 1994)).

[67] 11 U.S.C. § 1101(2); *In re GWI*, 230 F.3d at 801; *In re Berryman*, 159 F.3d at 945.

effectuated have become paramount to a resolution of the dispute between the parties on appeal."[68]

In this case, properties have been surrendered to secured lenders. The sale of one of the joint venture properties has occurred, and the other two joint venture properties have been auctioned. Perry continues to manage his businesses and rental properties in order to generate income to make the plan payments. Disbursements have been made to all classes of claimants. The Plan Effective Date was several months ago, and all creditors have relied upon the finality of the Plan. Appellants did not respond to Perry's argument regarding equitable mootness, and they offer no argument as to why this factor would not weigh in favor of finding this appeal moot. Therefore, this factor favors dismissal for mootness.

### 3. Impact on Third Parties

"The final question in the mootness inquiry is whether the requested relief would affect the rights of parties not before the court or the success of the Plan."[69] "Substantial consummation of a reorganization plan is a momentous event, but it does not necessarily make it impossible or inequitable for an appellate court to grant effective relief."[70] The Court must determine whether it could place the debtor's estate or third parties back into the status quo as it existed before confirmation of the Plan.[71]

In this case, multiple plan payments have already been made. Creditors are relying on Perry to continue to make those payments in order to protect secured collateral. Additionally, under the Bankruptcy Code, taxing entities must be paid on priority claims within 60 months of the Petition

---

[68] *In re GWI*, 230 F.3d at 801 (quoting *In re Manges*, 29 F.3d at 1041)).

[69] *In re Berryman*, 159 F.3d at 945–46.

[70] *In re U.S. Brass*, 169 F.3d 957, 961 (5th Cir. 1999) (quoting In re Manges, 29 F.3d at 1042–43).

[71] *In re Berryman*, 159 F.3d at 946.

Date. Perry now has only 15 months left to satisfy the priority tax claims. To reverse the Plan at this point would adversely impact the tax claimants and jeopardize the future success of the Plan. Moreover, the sales of the joint venture properties to third parties cannot be undone. Appellants did not respond to Perry's argument regarding equitable mootness, and they offer no argument as to why this factor would not weigh in favor of finding this appeal moot. Therefore, this factor favors dismissal for mootness.

### V. Conclusion

Appellants have not responded to Perry's argument that this appeal is equitably moot. Appellants failed to obtain a stay of the Confirmation Order, and the Plan has been substantially consummated. Reversing the Confirmation Order at this point would affect the rights of parties not before this Court. Therefore, all three factors weigh in favor of finding this appeal moot. Additionally, since the filing of this appeal, the Bankruptcy Court has ruled on outstanding damages issues, and Appellants have filed two new notices of appeal related to that ruling. This development further demonstrates the mootness of the instant appeal, which relates only to the Confirmation Order. The issues are more properly addressed in the substantive appeals. If the Bankruptcy Court's rulings are later reversed, the Plan can be modified to increase the percentage payout received by Appellants. Accordingly,

**IT IS HEREBY ORDERED** that Perry's Motion to Dismiss the Appeal[72] is **GRANTED**.

The instant appeal is **DISMISSED AS MOOT**.

**NEW ORLEANS, LOUISIANA**, this __20th__ day of March, 2025.

*[Signature]*
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[72] Rec. Doc. 16.